IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA PARFITT,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING § 2255 MOTION TO VACATE CONVICTION<br><br>Case No. 2:20-cv-00445-JNP<br><br>District Judge Jill N. Parrish |

Before the court is petitioner Joshua Parfitt's motion to vacate his conviction pursuant to 28 U.S.C. § 2255. The motion is DENIED.

## BACKGROUND

The government charged Parfitt with five counts of Hobbs Act robbery, four counts of brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), and one count of possession of methamphetamine with intent to distribute. In Count 5 of the Indictment for Hobbs Act robbery, the government alleged that Parfitt "did obstruct, delay and affect, attempt to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery." On November 30, 2018, Parfitt pled guilty to five counts of Hobbs Act robbery and one count of violating § 924(c). Parfitt entered his guilty plea pursuant a plea bargain with the government under which the parties agreed to a stipulated sentence of 180 months of imprisonment. In the plea bargain agreement, Parfitt waived his right to appeal his sentence. But he did not waive his right to appeal his conviction.

The court accepted the stipulated 180-month sentence and entered a judgment on March 11, 2019. Parfitt did not appeal from his conviction. Parfitt subsequently filed this § 2255 motion to vacate his conviction for the § 924(c) count.

## ANALYSIS

Under § 924(c), it is a crime to use or carry a firearm during and in relation to a crime of violence. A "crime of violence" is defined as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Both the Supreme Court and the Tenth Circuit have held that subdivision (B), quoted above, (known as the residual clause) is unconstitutionally vague. *United States v. Davis*, 588 U.S. 445, 470 (2019); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). Accordingly, a § 924(c) conviction must be based on a predicate crime that has as an element the use or attempted use "of physical force against the person or property of another" under subdivision (A) (known as the elements clause).

The predicate crime of violence in this case is Parfitt's conviction under Count 5 of the Indictment for Hobbs Act robbery. Whether a crime qualifies as a predicate offense for a § 924(c) conviction is a question of law that is generally resolved by applying the "categorical approach."

> Under the categorical approach, we look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. We must compare the scope of conduct covered by the elements of the crime with § 924(c)(3)(A)'s definition of "crime of violence."

*United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019) (cleaned up) (citations omitted). Applying this categorical approach, the Tenth Circuit has determined that Hobbs Act robbery qualifies as a crime of violence within the meaning of § 924(c)(3)(A). *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir. 2018).

Parfitt argues that his Count 5 conviction for Hobbs Act robbery is not a crime of violence for two reasons. First, he contends that Tenth Circuit authority holding that Hobbs Act robbery is categorically a crime of violence was wrongly decided. Second, he argues that because the government charged Parfitt with both completed Hobbs Act robbery and attempted Hobbs Act robbery in Count 5, it does not qualify as a crime of violence. Attempted Hobbs Act robbery is not a crime of violence under the elements clause. *United States v. Taylor*, 596 U.S. 845, 860 (2022). Parfitt asserts that because attempted Hobbs Act robbery is indivisible from completed Hobbs Act robbery, Count 5, taken as a whole, is not a crime of violence. Accordingly, he contends that his conviction on the § 924(c) charge may not stand.

The court disagrees. Parfitt waived these arguments because he did not raise them prior to pleading guilty or on appeal from his conviction. Additionally, Parfitt's arguments fail on the merits.

I.      PROCEDURAL DEFAULT

Six months before Parfitt pled guilty to five counts of Hobbs Act robbery and one count of brandishing a firearm under § 924(c), the Tenth Circuit held that the residual clause to the definition of a crime of violence was unconstitutionally vague. *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). When he pled guilty, therefore, the elements clause was the only basis for finding that his Count 5 Hobbs Act robbery conviction was a crime of violence that would support his

3

§ 924(c) conviction. But Parfitt did not argue that his Hobbs Act robbery conviction did not qualify as a crime of violence under the elements clause prior to pleading guilty or prior to judgment. Nor did he appeal his conviction and raise this issue in the Tenth Circuit.[1]

Typically, "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Parfitt has not shown that either of these requirements have been met.

First, Parfitt has not made any attempt to show cause why his failure to raise the claimed error before this court or the Tenth Circuit should be excused. "Cause excusing procedural default is shown if a claim 'is so novel that its legal basis was not reasonably available to counsel' at the time of the direct appeal." *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017) (cleaned up) (citation omitted). A legal theory meets this standard if it is based on new controlling authority that overrules prior precedent or announces a newfound constitutional principle or statutory interpretation. *Id.* Here, the essential legal tools to formulate his arguments against the § 924(c) charge were available to Parfitt at the time that he pled guilty. The Tenth Circuit held that it applies the categorical approach to determine whether a predicate criminal conviction satisfies the

---

[1] Although Parfitt waived his right to appeal from his sentence, he did not waive his right to challenge his § 924(c) conviction on appeal. *See United States v. Loumoli*, 13 F.4th 1006, 1010 (10th Cir. 2021) (holding that a waiver of a right to appeal from a sentence does not preclude a defendant from appealing from his or her conviction).

elements clause of § 924(c) well before Parfitt entered his guilty plea. *See United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009). Because he could have presented the arguments made in this collateral proceeding in November 2018, when he pled guilty, his procedural default in failing to do so is not excusable.

 Second, Parfitt has not shown actual prejudice. In order to prove actual prejudice, a defendant "must show that the error of which he complains is an 'error of constitutional dimensions' that 'worked to his actual and substantial disadvantage.'" *Snyder*, 871 F.3d at 1128 (quoting *Frady*, 456 U.S. at 170 (emphasis omitted)). Parfitt argues that the court erred by permitting him to plead guilty to the § 924(c) count because the predicate charge of Hobbs Act robbery includes both attempted robbery and the completed crime. But if Parfitt had raised this argument in a timely manner, the government could have fixed this claimed error by either dismissing the portion of Count 5 that charged him with attempted Hobbs Act robbery or by obtaining a superseding indictment for this count.[2] Parfitt cannot neglect to assert his argument during his criminal proceedings before the trial court, when the government had a chance to address the alleged defect, and then raise it for the first time in a collateral proceeding.

 Because Parfitt has not satisfied either the cause or actual prejudice requirements for obtaining collateral relief based on an unpreserved argument, his petition for relief under § 2255 is procedurally barred.

---

[2] As discussed below, the facts supporting the Count 5 charge show that the conviction was for completed Hobbs Act robbery rather than attempted robbery.

## II.    MERITS ARGUMENTS

Even if Parfitt could pursue his claims in this collateral proceeding, he would not prevail. First, Parfitt contends that Hobbs Act robbery is not categorically a crime of violence under the elements clause. He acknowledges that his argument is foreclosed by Tenth Circuit precedent, *see United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022), but asserts it to preserve it for future appeal. Pursuant to *Baker*, the court rejects this argument.

Second, Parfitt argues that the portion of Count 5 that charged him with attempted Hobbs Act robbery is indivisible from the portion of this count that charged him with completed Hobbs Act robbery. Thus, Parfitt asserts that Count 5, taken as a whole, is not categorically a crime of violence because attempted robbery is not a crime of violence. The court disagrees because attempted Hobbs Act robbery and completed Hobbs Act robbery are divisible.

If a criminal statute sets out a single set of elements to define a single crime, it is indivisible, and courts apply the categorical approach to determine whether a conviction satisfies a predicate offense requirement under a federal criminal statute. *Mathis, v. United States*, 579 U.S. 500, 504–05 (2016) (analyzing whether a burglary conviction qualified as a predicate offense under the Armed Career Criminal Act). But if a single statute lists multiple crimes requiring alternative elements, it is divisible. In that case, courts apply a modified categorical approach to determine whether a conviction may stand as a predicate offense. *Id.* at 505. Under the modified approach, courts consult the indictment, jury instructions, plea agreements, and plea colloquies to determine the precise crime for which the defendant was convicted. *Id.* at 505–06.

In an unpublished opinion, the Tenth Circuit has held that the Hobbs Act is divisible into three robbery offenses—robbery, attempted robbery, and conspiracy to commit robbery—because each offense requires proof of distinct elements. *United States v. Eccleston*, No. 20-2119, 2022 WL

6

3696664, at *2 (10th Cir. Aug. 26, 2022); *see also United States v. Washington*, 653 F.3d 1251, 1263 (10th Cir. 2011) ("[U]nder the Hobbs Act, conspiracy and attempt appear as distinct crimes within the same statutory provision . . . ."). Courts in this district agree that the Hobbs Act is divisible. *Takai v. United States*, No. 2:16-cv-00469-CW, 2023 WL 6377597, at *1 (D. Utah Sept. 29, 2023); *Mulalic v. United States*, No. 2:20-cv-00447-DBB, 2023 WL 3467465, at *3 (D. Utah May 15, 2023); *Small v. United States*, No. 2:20-cv-00449-DAK, 2023 WL 1993874, at *2 (D. Utah Feb. 14, 2023); *Crocker v. United States*, 638 F. Supp. 3d 1295, 1298–99 (D. Utah 2022), *certificate of appealability denied,* No. 22-4120, 2023 WL 4247255 (10th Cir. June 29, 2023).

This court agrees with the reasoning of *Eccleston* and concludes that the modified categorical approach is required to determine if the evidence establishes whether Parfitt's Count 5 conviction was based on completed or attempted Hobbs Act robbery. Accordingly, the court looks to the documents related to his plea agreement. In his statement in advance of plea, Parfitt stipulated to the following facts supporting his Count 5 conviction:

> On or about February 16, 2018, in the District of Utah, I committed an armed robbery of the Papa John's Pizza, located at 755 North Highway 89, North Salt Lake, Utah. I entered the store and brandished a firearm. I demanded money from the register and placed a grey backpack on the counter ordering the cashier to fill the bag with money. The cashier complied and place [sic] $181 in the backpack. I fled to our getaway car with my one codefendant was [sic] in the car waiting for me and we fled the area. We shared in the proceeds of the robbery.

Moreover, during the plea colloquy, Parfitt admitted that he had demanded money from the cashier while brandishing a firearm, that the cashier placed $181 in a backpack, and that he fled with the money. Both the plea agreement and the transcript of the plea colloquy establish that his Count 5 conviction was for completed rather than attempted Hobbs Act robbery. Because Hobbs Act robbery is categorically a crime of violence, his § 924(c) conviction is sound.

### III.     CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant [seeking relief under § 2255]." USCS SEC. 2255 PROC. R. 11(a). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court hereby enters an order adverse to Parfitt on both procedural and substantive grounds, the substantial showing standard requires a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 477 (2000).

The court denies a certificate of appealability from this order. The court finds that its ruling that Parfitt waived his objections to his § 924(c) conviction is not reasonably debatable. Parfitt's challenge to the constitutionality of this conviction rests on the inclusion of the word "attempt" in Count 5 of the Indictment. If he had raised his objection in a timely manner before this court, the government could have obviated this argument by removing a single phrase from the Indictment. Thus, Parfitt has not shown that actual prejudice would excuse his procedural default. Additionally, the court's substantive ruling that his § 924(c) conviction was sound is not reasonably debatable. As discussed above, the Tenth Circuit has held that Hobbs Act robbery is categorically a crime of violence, *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022), and that a charge for attempted Hobbs Act robbery is divisible from a charge for completed Hobbs Act robbery, *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (unpublished). Absent any citation to binding caselaw to the contrary, Parfitt has not made a substantial showing that his constitutional rights were denied.

## CONCLUSION

For the above-stated reasons, the court denies Parfitt's motion to vacate his conviction for brandishing a firearm in relation to a crime of violence. The court denies a certificate of appealability.

DATED December 12, 2024.

        BY THE COURT

        _____
        Jill N. Parrish
        United States District Court Judge